IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| BECKY BEHM, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-1315 |
| TAZEWELL COUNTY, an Illinois Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, in his individual and official capacities, RICHARD JOHNSTON, a Sergeant of Tazewell County Jail, in his individual capacity, JEFFREY BEIBER, a jail officer of the Tazewell County Jail, in his individual capacity, JUSTIN PIRO, a jail officer of the Tazewell County Jail, in his individual capacity, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the

Sheriff's motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim (d/e 27). For the reasons below, the Court recommends that the motion be denied.

## Standard

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted)(also noting that Bell Atlantic made clear that the Supreme Court had not supplanted basic notice pleading standard).

## Allegations

The allegations are set forth as true for purposes of this Recommendation.

On October 17, 2008, Plaintiff was arrested and detained at the Tazewell County Jail for drunk driving and failure to signal. Plaintiff was placed in a segregation cell because of her combative behavior, where she began to yell and bang on the door. Defendants Beiber and Piro, jail officers, entered the cell, twisted Plaintiff's arm behind her back and slammed her face into the concrete wall. Plaintiff continued to yell and pound on the door, which prompted Defendant Beiber to enter Plaintiff's cell again and punch her in the face. When Plaintiff still continued to yell and pound on the door, Defendant Johnston, a sergeant at the Jail, directed Beiber and Piro to spray Plaintiff with pepper spray. Beiber sprayed pepper spray into Plaintiff's eyes. Plaintiff sustained serious injuries and severe pain from the beatings and pepper spray, but she was denied medical care.

## Analysis

The Sheriff, Defendant Robert Huston, is the only defendant who has moved to dismiss.

Plaintiff sues Sheriff Huston in his individual and official capacities, for "a custom or policy of deliberate indifference to the necessity of training jail employees to identify detainees and prisoners with impaired functions or behaviors and handle those detainees" in a way to minimize the use of

unnecessary and excessive force. (Amended Complaint, d/e 19, ¶ 41). Plaintiff also alleges that Huston maintained a custom or policy of deliberate indifference to the serious medical needs of pretrial detainees, (Amended Complaint, d/e 19, ¶ 42), as well as a policy of deliberate indifference to hiring jail employees with abusive tendencies. Plaintiff sues Sheriff Huston under 42 U.S.C. § 1983 for these deliberately indifferent policies and for "deliberate reckless indifference to an existing custom, practice or pattern of unconstitutional conduct and abuse by jail officers . . . ." (Amended Complaint, d/e 19, ¶ 51). Plaintiff also pursues a state claim of respondeat superior against Sheriff Huston.

Sheriff Huston moves to dismiss only the § 1983 claim against him in his individual capacity, arguing that Plaintiff has failed to allege his personal involvement in the excessive force and denial of medical care.

To hold Sheriff Huston liable in his individual capacity, Plaintiff must show that Huston was "'personally responsible for the deprivation of a constitutional right.'" Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001), *quoting* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Personal responsibility means participating directly in the

constitutional violation, directing the unconstitutional conduct, or knowingly allowing the conduct. Sanville, 266 F.3d at 740.

The personal responsibility requirement means that there is no *respondeat superior* liability under § 1983. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003). The "doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff's argument therefore fails to the extent she maintains that the Sheriff can be liable under § 1983 for his subordinates' constitutional violations simply because he is their supervisor.[1] Plaintiff's attempts to distinguish Chavez do not assail this long established principle.

Additionally, the Court doubts that a failure to train claim can be maintained against the Sheriff in his individual capacity. Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2008)(detainee's failure to train claim properly dismissed against defendants in individual capacities), *citing* Sanville, 266 F.3d 739-40 ("failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context,

---

[1] Plaintiff asserts that she "makes no . . . claim that the Sheriff personally directed the conduct, had knowledge of the conduct or consented to it. The plaintiff's claim is based on the well established legal principle of supervisory liability: the Sheriff's custom or policy of deliberate indifference . . . ." (d/e 30, p. 3)(paragraph break and footnote omitted).

such claims may only be maintained against a municipality."). Plaintiff must show a "'deliberate action attributable to the [Sheriff] directly caused a deprivation of federal rights.'" Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002)(quoted cite omitted).

However, the Court believes it would be premature to rule out an individual capacity claim against Sheriff Huston. Supervisors can be liable if they know about the unconstitutional conduct and "facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988), *quoted with approval in* Steidl v. Fermon, 494 F.3d 623, 631-32 (7th Cir. 2007). Additionally, a supervisor might be individually liable for personally devising an unconstitutional policy. See Armstrong v. Squadrito, 152 F.3d 564, 578-79, 581 (7th Cir. 1998). And, a supervisor could be individually liable if the supervisor had actual knowledge of a pervasive risk of serious harm to detainees and was deliberately indifferent to that risk (i.e., "turned a blind eye"). *See* Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515, 519 (7th Cir. 2002)(giving example of pervasive, documented violence as possibly warranting inference of actual knowledge of serious risk); *see also* Steidl v.

<u>Gramley,</u> 151 F.3d 739, 741 (7th Cir. 1998)("If the warden were aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety, his 'failure to enforce the policy' could violate the Eighth Amendment. . . .The liability would stem from condoning a constitutional deprivation, and it would be direct, not vicarious.").

From the Amended Complaint and Plaintiff's response, the Court understands at least part of Plaintiff's § 1983 claim against Sheriff Huston in his individual capacity to be that Huston was deliberately indifferent to a known, pervasive and serious risk of excessive force by his officers.  At this early stage, a plausible inference cannot be ruled out that the Sheriff was "was aware of a substantial risk of serious injury to [Plaintiff] but nevertheless failed to take appropriate steps to protect [her] from a known danger . . . ." <u>Butera v. Cottey,</u> 285 F.3d 601 (7th Cir. 2002).  At least that is the theory that Plaintiff seems to intend to pursue, and the Court agrees with Plaintiff that it is too early to tell if the constitutional violations were an isolated incident or part of pervasive, systemic pattern.  (d/e 30, p. 4).  Plaintiff's battle may be uphill, but whether evidence exists to support a claim against Sheriff Huston in his individual capacity is a question for summary judgment.  The Court believes that Plaintiff sufficiently gives notice of her claim against Sheriff

Huston in his individual capacity, and that is all that she must do at this stage.

WHEREFORE, the Court RECOMMENDS that Defendant Huston's Motion to Dismiss be denied (d/e 27).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   April 6, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE